UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN L. STARKS,<br><br>                  Movant,<br><br>          v.<br><br>DEPARTMENT OF DEFENSE,<br><br>                  Respondent. | Case No. 2:26-mc-00075-DJC-CSK (PS)<br><br>ORDER DENYING MOVANT'S MOTION TO QUASH<br><br>(ECF No. 1) |

Pending before the Court is Movant Justin L. Starks's motion to quash an administrative subpoena issued by Respondent Department of Defense that seeks to obtain Movant's financial records from American Express in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq.[1] (ECF No. 1.) Pursuant to Local Rule 230(g) and 12 U.S.C. § 3401(b), the Court submits the motion upon the record and briefs on file. For the reasons that follow, the Court DENIES Movant's motion to quash.

I.      BACKGROUND

Movant seeks an order quashing a subpoena duces tecum served by Respondent

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). Movant is appearing without counsel.

1

Department of Defense on American Express.[2] Mot. at 1. The subpoena seeks to obtain all financial records relating to Movant's account(s) held with American Express from January 1, 2019 through January 31, 2022. (ECF No. 1 at 6.)

Movant was personally served with the subpoena on February 23, 2026. Cert. of Service (ECF No. 7); Resp't Opp'n (ECF No. 5 at 3); Declaration of Destanie Aycock (ECF No. 5-1 ¶¶ 5-6). The subpoena was accompanied by a Notice to Customer that provided instructions on how to challenge the subpoena, including the deadline to do so. (ECF No. 1 at 4-5.) The subpoena was issued "[t]o refute or support allegations that during the approximate period of January 2019 through January 2022, [Movant] fraudulently applied for and received government funds to which [Movant was] not entitled." (*Id.* at 4.) Respondent received notice on March 11, 2026 that Movant intended to challenge the subpoena. Resp't Opp'n at 3; Aycock Decl. ¶ 6.

On March 16, 2026, Movant initiated this proceeding by filing his motion to quash pursuant to the customer challenge provision of the Right to Financial Privacy Act, namely, 12 U.S.C. § 3410.[3] Though Movant failed to serve Respondent with the motion to quash, on April 8, 2026, Respondent filed its opposition, which was supported by the sworn declaration of United States Air Force Office of Special Investigations Special Agent Destanie Aycock. (ECF Nos. 5, 5-1.) Respondent's appearance, filing of its opposition, and request for a decision within seven days of its opposition (as contemplated by the Right to Financial Privacy Act, 12 U.S.C. § 3410(b)) constituted waiver to the defect in service of the motion. *See* Resp't Opp'n at 3.

## II.     LEGAL STANDARDS

The Right to Financial Privacy Act's customer challenge provision, 12 U.S.C.

---

[2]  A related case, *Starks v. Department of Defense*, No. 2:26-mc-00074-DCJ-CSK (E.D. Cal.), is also pending before this Court. (ECF No. 8.) In the related case, Movant seeks to quash a similar subpoena issued by the Department of Defense to obtain his financial records from Capital One. *Starks*, No. 2:26-mc-00074-DJC-CSK (PS) (ECF No. 1).

[3]  Movant also filed a request to proceed in forma pauperis, which is pending. (ECF No. 2.)

2

§ 3410, permits customers of financial institutions[4] to challenge government subpoenas seeking those customers' financial records from the institutions. Congress enacted the Act in response to the United States Supreme Court's ruling in *United States v. Miller*, 425 U.S. 435 (1976), which held that bank customers lack Fourth Amendment privacy protections for financial information held by financial institutions. *Gutierrez v. Soc. Sec. Admin. Off. of Inspector Gen.*, 2015 WL 5138105, at *2 (E.D. Cal. Sept. 1, 2015). The Act requires the government authority to notify the customer (1) that a subpoena is being served on a financial institution and (2) the nature of the law enforcement inquiry to which the subpoena relates. 12 U.S.C. § 3407(2). The Act's customer challenge procedures "constitute the sole judicial remedy available to a customer to oppose disclosure of financial records pursuant to this chapter." 12 U.S.C. § 3410(e). As noted by the Supreme Court, the challenge remedy is "cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).

As a threshold matter, a court must determine whether the customer challenge complies with section 3410(a)'s procedural requirements. *Neuhaus v. U.S. S.E.C.*, 2007 WL 1322340, at *2 (E.D. Cal. May 4, 2007). First are the timing requirements:  within "ten days of service or fourteen days of mailing" the subpoena, the customer may file a motion to quash or "an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request." 12 U.S.C. § 3410(a). Next, the motion must be accompanied by an affidavit or sworn statement:

(1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

(2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

---

[4]  Pursuant to 12 U.S.C. § 3401(5), "'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

3

*Id.* Further, the movant's motion papers must also be served on the government authority that issued the subpoena. *Id.* Courts have held that the procedural requirements of section 3410(a) are jurisdictional in nature; that is, if these requirements are not satisfied, the court lacks subject matter jurisdiction over the motion to quash. *See Gewerter v. Sec. & Exch. Comm'n*, 2016 WL 4074117, at *2 (D. Ariz. Aug. 1, 2016); *Siegfried v. Inspector Gen. of U.S. Dep't of Agric.*, 163 F. Supp. 2d 170, 173 (E.D.N.Y. 2001); *see also Miranda v. Off. of the Treasury Inspector Gen. for Tax Admin.*, 2014 WL 12572956, at *1 (E.D. Cal. Nov. 21, 2014) ("[F]ailure to follow [section 3410(a)'s] procedural requirements may be grounds for a denial of the motion [to quash].").

Assuming that the court finds that section 3410(a)'s jurisdictional requirements are met, the court "shall order the Government authority to file a sworn response." 12 U.S.C. § 3410(b).[5] Upon review of the merits, the court shall deny the motion or application if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c).

## III.    DISCUSSION

As an initial matter, though it does not appear that Movant has properly served his motion on Respondent, Respondent impliedly waives any defects in service and has submitted its opposition to the motion, requesting a decision on the motion. *See* Resp't Opp'n at 3. The Court therefore proceeds to evaluate the motion on its merits.

Movant supports his motion to quash with a sworn statement objecting to the subpoena on the following grounds: (1) "th[e] account(s) are not relevant to the alleged conduct under investigation," and (2) the "dates requested are overly broad in scope and would disclose unrelated financial information, imposing undue burden and infringing upon protected interests." Mot. at 2. Respondent opposes the motion on two main grounds. First, Respondent contends that the Court lacks subject matter jurisdiction

---

[5]  Respondent filed its opposition prior to any order issued by the Court. *See* Docket.

because Movant untimely filed the motion in contravention of the procedural deadlines set by 12 U.S.C. § 3410(a). Resp't Opp'n at 4. Second, Respondent argues on the merits that the subpoena is relevant to a legitimate law enforcement inquiry, and therefore lawfully issued under the Act. *Id.* at 5-6.

**A.    12 U.S.C. § 3410(a) Requirements & Jurisdiction**

The Court finds that Movant fails to satisfy the necessary procedures under section 3410(a), and therefore the motion to quash must be denied on jurisdictional grounds. The motion was untimely filed. Movant had "[w]ithin ten days of service or within fourteen days of mailing" of the subpoena to file his Motion before this Court. 12 U.S.C. § 3410(a). Movant filed the Motion on March 16, 2026, which was twenty-one days after he was personally served with Respondent's administrative subpoena on February 23, 2026. *See* Cert. of Service (ECF No. 7); Resp't Opp'n at 3; Aycock Decl. ¶ 6. The Court further notes that Movant was provided with a notice that included written instructions on how to challenge the subpoena and informed of the deadlines. (*See* ECF No. 1 at 4-5; ECF No. 7.) Therefore, Movant's untimely filing of the motion renders it procedurally and jurisdictionally deficient, constituting sufficient grounds to deny the motion with prejudice. *See Gutierrez*, 2015 WL 5138105, at *3 (denying motion to quash based on movant's failure to comply with section 3410(a)'s procedural requirements). The Court need not address other potential procedural defects.[6]

**B.    Merits**

Although the motion should be dismissed for lack of subject matter jurisdiction, even if the Court were to address the merits, Movant would not succeed. "There are only three grounds on which a district court may quash a subpoena [under section 3410]: '(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not

---

[6]   Because Respondent waives any defect in service, the Court does not address whether Movant has satisfied the statutory requirement to serve "copies [of the motion to quash] upon the Government authority." 12 U.S.C. § 3410(a).

substantially complied with the [Act].'" *Sweeney v. Inspector Gen. of U.S. Dep't of Agric.*, 2014 WL 5361968, at *3 (E.D. Cal. Oct. 21, 2014) (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989)). "The Court must deny the instant motion if: 1) there is a demonstrable reason to believe that the law enforcement inquiry is legitimate, and 2) the records sought are relevant to that inquiry. The showing of relevance need not be substantial and any records that 'touch on a matter under investigation' are considered relevant." *Rodriquez v. Soc. Sec. Admin.*, 2014 WL 2960539, at *3 (E.D. Cal. June 30, 2014) (quoting *Sandsend*, 878 F.2d at 882).

As to the legitimate-inquiry and relevance prongs, Movant's sworn statement challenging Respondent's subpoena to American Express provides only general and conclusory assertions, namely, that (1) "th[e] account(s) are not relevant to the alleged conduct under investigation," and (2) the "dates requested are overly broad in scope and would disclose unrelated financial information, imposing undue burden and infringing upon protected interests." Mot. at 2. Movant's conclusory arguments fail.

Although Movant does not appear to challenge the first prong, the Court finds that a legitimate law enforcement inquiry exists. Under the Act, a government authority "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *Sweeney*, 2014 WL 5361968, at *4 (quoting *In re Blunden*, 896 F. Supp. 996, 999 (C.D. Cal. 1995)).

Respondent states that Movant is under investigation for allegedly making false claims in connection with a $20,833 Paycheck Protection Plan ("PPP") loan. Aycock Decl. ¶ 2. The government contends that Movant applied for a $20,833 PPP loan to be used for payroll and other business expenditures. *Id.* ¶ 4c. During an interview with government authorities, Movant allegedly conceded that he obtained a PPP loan, of which he allegedly used only a small amount (about $1,100 of a $20,000 loan) for business expenses, the remainder being used for personal expenses. *Id.* ¶ 4a. These allegations sufficiently establish that Respondent has a legitimate law enforcement inquiry to determine whether Movant made fraudulent statements in connection with the

alleged PPP loan and application for loan forgiveness. *See* Aycock Decl. ¶ 2; *see also* 10 U.S.C. § 924.

With respect to the relevancy prong, "Movant bears the initial burden of showing that the documents sought are not relevant." *Rodriquez*, 2014 WL 2960539, at *3. If that burden is satisfied, the government bears the burden of establishing it has "a reasonable belief" the financial records are relevant to a legitimate law enforcement enquiry. *Echavarria v. Dep't of Def.*, 2023 WL 3872173, at *1 (E.D. Cal. May 15, 2023).[7] "This is not a high burden: Once a person's connection to apparently illicit conduct has been shown, it is relevant to know whether that person's bank account contains evidence of such conduct. What need be shown is not probable cause, but a good reason to investigate." *Id.* (quoting *Feiner v. U.S. S.E.C.*, 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Here, Movant fails to meet his initial burden of demonstrating that the subpoena is irrelevant or overbroad. His arguments are conclusory. The Court finds that the subpoena, the categories of documents identified by the subpoena, and the basis for the subpoenaed documents are relevant to and within the scope of Respondent's legitimate law enforcement inquiry. *See Boyajyan v. U.S. Dep't of Hous. & Urb. Dev.*, 2014 WL 2807618, at *1 (E.D. Cal. June 20, 2014) (holding that subpoena to obtain bank account records over five-year period was relevant to investigate fraud in House Choice Voucher Program, rejecting movant's "conclusory statements that the information is not relevant, that the request is overly board, and not narrowly tailored"). The government alleges that after receiving PPP funds in June 2021, Movant made large payments from his account that received PPP funds to American Express. The subpoena seeks Movant's American Express records over a three-year time period, which are relevant to the legitimate law

___

[7]   The Court notes that some district courts have concluded that the government bears the burden to establish relevancy. *See Neuhaus v. U.S. S.E.C.*, 2007 WL 1322340, at *3 (E.D. Cal. May 4, 2007) ("The ultimate burden of showing that the records sought are relevant to a legitimate law enforcement inquiry is on the government."). Even if the government bears the burden to establish relevancy, the Court would find that the records sought are relevant to the legitimate law enforcement inquiry.

enforcement inquiry into whether Movant used PPP loan funds for non-business, personal expenses. In addition, the inquiry is not overbroad where it seeks records for a three-year time period that includes the time period Movant received the PPP loan fund and made payments to American Express. The records sought are relevant to the government's legitimate law enforcement inquiry.

As to the third prong, the Court finds—and Movant does not dispute—that Respondent has substantially complied with the Act in serving and noticing the subpoena. Therefore, the Court concludes that none of the three grounds for quashing the subpoena have been established.

**IV.    CONCLUSION**

For the reasons set forth above, Movant's motion to quash (ECF No. 1) is DENIED.

IT IS SO ORDERED.

Dated:  April 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, star.0075.26